## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| In re: Case No. A11-00811-DMD<br><br>PAULA J. SCHMIDT d/b/a NORTHERN LIGHTS VETERINARY & LASER CENTER, and DOUGLAS G. HOPPER,<br><br>Debtors. | Chapter 7<br><br>**Filed On 2/29/12** |
| HARTHAVEN PET CREMATION & BURIAL SERVICES, INC.,<br><br>Plaintiff,<br><br>v.<br><br>PAULA J. SCHMIDT,<br><br>Defendant. | Adversary No. A12-90004-DMD |

### MEMORANDUM ON MOTION FOR RECONSIDERATION

On February 16, 2012, this court entered an order denying the defendant's motion to dismiss.[1] The defendant has filed a timely motion for reconsideration of that order. For the reasons stated below, the motion for reconsideration is granted and the order denying the defendant's motion to dismiss complaint will be vacated in part.

The defendant claims the court has misapplied AK LBR 9010-1(a)(3). She says the plaintiff's claims under 11 U.S.C. § 523(a)(2)(A) and (a)(6) and § 727(a)(4)(A) are not "contested matters" under Fed. R. Bankr. P. 9014. Rather, this is an adversary action to which the jurisdictional limit for small claims cases in the Alaska Court System is irrelevant.

---

[1] Docket No. 7.

She further argues that even assuming this is a "contested matter," AK LBR 9010-1(a)(3) is inapplicable because successful prosecution of the plaintiff's § 727 cause of action would result in the denial of discharge of over a million dollars of debt, an amount that exceeds the jurisdictional limit of small claims court cases in Alaska. Consequently, the defendant concludes, the plaintiff corporation must be represented by an attorney.

"Broadly speaking, disputes that arise in bankruptcy cases can be divided into the following categories: (1) adversary proceedings . . . .; (2) administrative matters, in which there is no adversary party . . . ; and (3) contested matters, which do not qualify as adversary proceedings because they are not included in the Rule 7001 [Federal Rules of Bankruptcy Procedure] list."[2] Fed. R. Bankr. P. 7001 lists ten categories of proceedings that are specifically denominated adversary proceedings. Among those proceedings are "a proceeding to object to or revoke a discharge"[3] and "a proceeding to determine the dischargeability of a debt[.]"[4] The discharge is extremely significant to creditors because the granting or denial thereof affects their opportunity to obtain satisfaction of the debts owed them.[5] "Whether a discharge should be granted . . . is likely to become the subject of contested litigation. Given the importance of the result to the participants, clause (4) of Rule

---

[2] *Collier on Bankruptcy* ¶ 9014.01 at 9014-2 (Alan N. Resnick & Henry J. Sommer eds., 16th ed.).

[3] Fed. R. Bankr. P. 7001(4).

[4] Fed. R. Bankr. P. 7001(6).

[5] *Collier on Bankruptcy* ¶ 7001.05 at 7001-13 (Alan N. Resnick & Henry J. Sommer eds., 16th ed.).

7001, with certain exceptions,[6] requires that such litigation be brought in the form of an adversary proceeding subject to the rules of Part VII."[7]  Similarly, when a creditor believes a particular debt falls within one of the exceptions to discharge and seeks a determination that the debt is not dischargeable, "the Bankruptcy Rules require that the request for such a determination take the form of an adversary proceeding."[8]

Here, the plaintiff seeks to determine the dischargeability of a particular debt under 11 U.S.C. § 523(a)(2)(A) and (a)(6).  In addition, the plaintiff asserts a cause of action under 11 U.S.C. § 727(a)(4)(A) which, if successful, would deny the defendant a Chapter 7 discharge altogether.  These matters qualify as adversary proceedings.  Therefore, AK LBR 9010-1(1)(3)[B](i) is inapplicable.[9]  The plaintiff corporation must be represented by an attorney.[10]  Accordingly, the plaintiff shall have 28 days to retain an attorney.  If an attorney does not enter an appearance on behalf of the plaintiff by no later than March 28, 2012, this adversary proceeding will be dismissed.  An order will be entered consistent with this memorandum.

---

[6] The exceptions are an objection to discharge under §§ 727(a)(8), (a)(9) or 1328(f).  They do not apply here.

[7] *Collier on Bankruptcy* ¶ 7001.05 at 7001-13 (Alan N. Resnick & Henry J. Sommer eds., 16th ed.).

[8] *Collier on Bankruptcy* ¶ 7001.07 at 7001-17 (Alan N. Resnick & Henry J. Sommer eds., 16th ed.).

[9] AK LBR 9010-1(a)(3)[B](i) states:  "A party, other than a debtor, that is not an individual will not be allowed to represent itself except . . . with respect to contested matters where its claim or interest does not exceed the jurisdictional limit on small claims actions brought in the Alaska Court System[.]"

[10] *See* AK LBR 9010-1(a)(3)[A].

DATED:  February 29, 2012

BY THE COURT


 /s/ Donald MacDonald IV
DONALD MacDONALD IV
United States Bankruptcy Judge

Serve:  G. Oczkus, Esq.
       Pro Se Plaintiff

02/29/12